UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALLAN LANSBURY,

                     Petitioner,

  -against-

NEW YORK STATE OMH,

                     Respondent.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
15-CV-3386 (JMA)

**FILED
CLERK**

3/4/2016 4:22 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On June 4, 2015, petitioner Allan Lansbury ("Lansbury"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of New York, in which he challenged the length of his confinement at Kirby Forensic Psychiatric Center on Wards Island, New York. Lansbury also moved for leave to proceed *in forma pauperis*.

The Court granted Lansbury's petition to proceed *in forma pauperis* on December 15, 2015. The Court also informed Lansbury that his petition would be construed as one under 28 U.S.C. § 2255, and therefore subject to restrictions on "second or successive motions," if he did not respond otherwise. On January 8, 2016, Lansbury responded that he "strongly feel[s] that [he has] been incarcerated for longer then [sic] necessary" at Kirby Forensic Psychiatric Facility. He wrote that he has been off medication for over fifteen years and that he has no disciplinary actions against him nor has he engaged in inappropriate behavior.

An individual in state custody pursuant to a state court judgment may seek a writ of habeas corpus from a district court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Because Lansbury is held pursuant to a State court judgment, Lansbury's

1

petition is properly construed as one under 28 U.S.C. § 2254, and not 28 U.S.C. § 2255. However, because Lansbury has been given an opportunity to respond, the Court construes his petition as one under Section 2254, with the applicable limitations on second and successive petitions found in 28 U.S.C. § 2244.  See Cook v. New York State Div. of Parole, 321 F.3d 274, 282 (2d Cir. 2003) ("Whether a petitioner is a state or federal prisoner, converting a *pro se* habeas petition filed under a statute not subject to the severe "second or successive" restrictions of section 2244 (for state prisoners) or section 2255 (for federal prisoners) could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim.").

Furthermore, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  "The exhaustion requirement . . . is not satisfied unless the federal claim has been 'fairly presented' to the state courts."  Jimenez v. Walker, 458 F.3d 130, 148–49 (2d Cir. 2006) (citing Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982) (en banc)).  A claim is "fairly presented" where the petitioner has "informed the state court of both the factual and the legal premises of the claim he asserts in federal court."  Daye, 696 F.2d at 191.

Lansbury's petition, even when supplemented with his letter from January 8, 2016, does not adequately explain the grounds for his petition.  Specifically, it fails to identify any federal constitutional defect related to his alleged wrongful confinement.  While Lansbury claims he has not been disciplined and is not being treated with medication at the facility, this fails to show any constitutional violation for his continued confinement.  Moreover, the petition does not indicate whether Lansbury ever raised his claim in state court.  In his petition, Lansbury stated that he did not know he could appeal or was told he could not appeal, but it is unclear to what order he

refers. It is also unclear whether Lansbury's current petition is barred by the one-year statute of limitations.[1] Lansbury must (1) explicitly identify and adequately explain the alleged constitutional error in his civil commitment, and (2) show that all claims in his petition have been exhausted in state court.

Based on the current record, the Court cannot conclude that Lansbury's claims are meritless. Therefore, the Court will not deny the petition on the merits at this juncture. The Court cautions Lansbury that the filing of his current petition did not stay AEDPA's one-year statute of limitations for any subsequent petitions he may file—the statute of limitations for any subsequent petitions has continued to run during the time that his current petition has been pending before this Court. Rhines v. Weber, 544 U.S. 269, 274–75 (2005). When a petition is barred by AEDPA's statute of limitations, a district court can only review the claims on the merits if the petitioner can establish a basis for tolling the one-year statute of limitations. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

The Court construes the petition as one under 28 U.S.C. § 2254, with the applicable limitations on second and successive petitions found in 28 U.S.C. § 2244. In light of his *pro se* status, the Court will give Lansbury an opportunity to amend his petition. See, e.g., Davis v.

---

[1] The one-year statute of limitations runs from the latest of
   **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

Goord, 320 F.3d 346, 352 (2d Cir. 2003).  Based on the discussion above, **Lansbury must file an amended petition with the Court within thirty (30) days of the date of this Order.  The Court warns Lansbury that failure to respond to this Order may result in the dismissal of his petition without prejudice.**  The amended petition must bear the same docket number as this Order, 15-CV-3386 (JMA).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444−45, 82 S. Ct. 917, 8 L. Ed 2d 21 (1962).  The Clerk of Court is directed to mail a copy of this Order to petitioner.

**SO ORDERED.**

Dated: March 4, 2016
Central Islip, New York

                                              /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE