FILED
CLERK

11/16/2017 2:34 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
ALLAN LANSBURY, #701163,

                Petitioner,

      -against-

NEW YORK STATE, OMH,

                Defendants.
--------------------------------------------------------------------------X

**ORDER**
15-CV-3386 (JMA)

**AZRACK, United States District Judge:**

By Order dated May 27, 2016, the Court granted <u>pro se</u> petitioner Allan Lansbury an extension of time to file an amended petition.   The Order warned petitioner that a failure to timely file the amended petition by June 30, 2016 would lead to the dismissal of the petition without prejudice.   (Order dated May 27, 2016.)

In a letter dated June 9, 2016, petitioner wrote to the Court that "if I would've went upstate I would been [sic] released already.   They told me when you become a 330.20 you can't appeal my case but I found out through someone that told me you can appeal my case . . . ."   (Letter dated June 9, 2016, ECF No. 10.)

On August 24, 2016, plaintiff filed an amended petition.   (Amended Pet., ECF No. 12.) According to the amended petition, petitioner entered an insanity plea in connection with criminal charges brought against him for robbery, rape, kidnapping, and aggravated sexual abuse.   (<u>Id.</u> at 2.)   Petitioner also states that, as a result of his insanity plea, he was committed to Kirby Forensic Psychiatric Center pursuant to CPL § 330.20 in March 1998 and has been detained there ever since. (<u>Id.</u> at 1.)   Petitioner concedes that he did not appeal his conviction or seek any review from a higher court.   (<u>Id.</u> at 3–5.)   Plaintiff's sole ground for his petition is that he is being held for an excessive amount of time and that he should be "released to civil or the community."   (<u>Id.</u> at 6.)

Even if the Court were to consider Petitioner's amended petition, which was filed seven weeks after the deadline set by the Court, the amended petition must still be dismissed for failure to exhaust. 28 U.S.C. § 2254(b)(1)(A).   The requirement that "[a]ll state remedies must be exhausted before a federal court may consider a state prisoner's petition for a writ of habeas corpus . . . applies with equal force to insanity acquittees held pursuant to CPL § 330.20."   Francis v. Stone, 995 F. Supp. 368, 377 (S.D.N.Y. 1998), aff'd 221 F.3d 100, 117 (2d Cir. 2000) (quoting Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (internal quotation marks omitted).   Petitioner admits that he did not pursue any appeal of his commitment, asserting that he did not know he could appeal.   Therefore, petitioner has not established that he has exhausted his state law remedies with respect to his commitment.

Accordingly, petitioner's amended petition is dismissed, without prejudice.   The Clerk of Court is directed to close this case and mail a copy of this Order to the pro se petitioner.   The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:   November 16, 2017
         Central Islip, New York

                                                     _____/s/ (JMA)_____
                                                     Joan M. Azrack
                                                     United States District Judge